UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STATE OF NEVADA,<br><br>　　　　Plaintiff<br><br>v.<br><br>TAZ TA'VON HAMMOND,<br><br>　　　　Defendant | Case No.: 2:23-cv-01989-APG-BNW<br><br>**Order Remanding Case for Lack of Subject Matter Jurisdiction** |

　　　　Defendant Taz Hammond removed this action from Las Vegas Justice Court based on federal question jurisdiction. ECF No. 1-1.  Under 28 U.S.C.§ 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  It appears that Hammond believes federal question jurisdiction exists because he claims Constitutional violations related to a traffic stop and resulting ticket.  As I previously advised Hammond, his federal defenses or counterclaims cannot create federal question jurisdiction for removal. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (stating that a counterclaim cannot serve as the basis for federal question jurisdiction); *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007) (stating that "the existence of a defense based upon federal law is insufficient to support jurisdiction" (quotation omitted)). Consequently, I ordered him to show cause why this action should not be remanded to the court from which it was removed. ECF No. 3.

　　　　Hammonds responds that there is federal question jurisdiction because "the cause of action arose from an act of congress regulating commerce (Traffic)," and he cites 49 U.S.C. § 31301(2) in support.  That statute addresses federal requirements for commercial motor vehicle

operators. Hammond's own removal papers show that this case has nothing to do with enforcement of federal law on commercial motor vehicle operators. Hammond states that he was pulled over by a Nevada state police officer, that he told the officer that he was operating a "private vehicle" (a Toyota Corolla), and that he was "engaged in safe conduct not in commerce at the time of the stop." ECF No. 1-1 at 2, 8. The ticket was issued by the State of Nevada for having a fictitious or revoked registration, driving an unregistered vehicle, driving without a license, and not having proof of insurance. *Id.* at 7.

Hammond also states that the Constitution gives Congress the power to regulate commerce with foreign nations, among states, and with Indian tribes, and that this court has jurisdiction under 28 U.S.C. § 1337(a) over any civil action arising out of a congressional act regulating commerce. But the ticket issued by the State does not arise under any congressional act. Nor does it raise issues about commerce with foreign nations, among states, or with Indian tribes.

I THEREFORE ORDER that this action is remanded to the Las Vegas Justice Court from which it was removed for all further proceedings. The clerk of court is instructed to close this case.

DATED this 20th day of December, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE